JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DANIEL FLYNN

### DEFENDANTS

SUSQUEHANNA INTERNATIONAL GROUP, LLP AND SARAH PULSFORT

**(b)** County of Residence of First Listed Plaintiff **DELAWARE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE: 12/04/2023

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **148 Signal Road  Drexel Hill, PA 19026**

Address of Defendant: **401 City Avenue, Suite 220, Bala Cynwyd PA, 19004**

Place of Accident, Incident or Transaction: **401 City Avenue, Suite 220, Bala Cynwyd PA, 19004**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **12/04/2023**  **/s/ Sidney L. Gold, Esquire**  **21374**
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **SIDNEY L. GOLD, ESQUIRE**, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: **12/04/2023**  **/s/ Sidney L. Gold, Esquire**  **21374**
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DANIEL FLYNN | : | CIVIL ACTION |
| v. | : | |
| SUSQUEHANNA INTERNATIONAL GROUP, LLP & SARAH PULSFORT | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)

| 12/04/2023 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# Civil Justice Expense and Delay Reduction Plan
# Section 1:03 - Assignment to a Management Track

    (a)       The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

    (b)       In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

    (c)       The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

    (d)       Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

    (e)       Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

    Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL FLYNN | : | CIVIL ACTION NO.: |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| SUSQUEHANNA | : | |
| INTERNATIONAL GROUP, LLP | : | |
| and | : | |
| SARAH PULSFORT | : | |
| *Defendants* | : | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

### I.  PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, Daniel Flynn ("Plaintiff Flynn"), a former employee of Defendant, Susquehanna International Group, LLP ("Defendant Susquehanna"), who has been harmed by Defendant Susquehanna's unlawful employment actions as set forth herein below.

2. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"), and Pennsylvania common law.

### II.  JURISDICTION AND VENUE:

3. The original jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Flynn's claims are substantively based on Title VII. The supplemental jurisdiction of this Court is invoked

1

pursuant to 28 U.S.C. § 1367, to consider Plaintiff Flynn's claims arising under the PHRA and Pennsylvania common law.

4. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Flynn has satisfied all jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES:

5. Plaintiff, Daniel Flynn ("Plaintiff Flynn"), is an adult male individual and citizen of the Commonwealth of Pennsylvania, residing therein at 148 Signal Road Drexel Hill, PA 19026.

6. Defendant, Susquehanna International Group, LLP ("Defendant Susquehanna"), is a corporation duly organized under the laws of the State of Delaware, maintaining a place of business located at 401 City Avenue, Suite 220, Bala Cynwyd PA, 19004.

7. Defendant, Sarah Pulsfort ("Defendant Pulsfort"), is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at an unknown address and maintaining a place of business located at 401 City Avenue, Suite 220, Bala Cynwyd PA, 19004.

8. At all times relevant hereto, Defendant Susquehanna acted through its agents, servants, and employees, including Defendant Pulsfort, who acted within the scope of their authority, course of employment, and under the direct control of Defendant Susquehanna.

## IV. STATEMENT OF FACTS:

9. Plaintiff Flynn, a thirty-one (31) year old male individual was employed by Defendant Susquehanna from on or about June 12, 2017, until on or about January 18, 2023, the date of his unlawful termination.

10. Plaintiff Flynn was employed by Defendant Susquehanna as an Operations Analyst and performed his job responsibilities in a dutiful and competent manner. As evidence thereof, Defendant Susquehanna awarded Plaintiff Flynn with numerous raises and yearly bonuses during his tenure of employment. Significantly, Defendant Susquehanna often awarded Plaintiff Flynn with the highest available bonus because of his exemplary performance.

11. In his role as a Lead Onboarding Associate, Plaintiff Flynn reported to Sarah Pulsfort ("Defendant Pulsfort"), Manager.

12. On or about December 8, 2022, Plaintiff Flynn attended Defendant Susquehanna's holiday party, during which Defendant Pulsfort became intoxicated. Notably, prior to attending the party, Plaintiff Flynn agreed to drive Defendant Pulsfort home from said party at her request.

13. Following Plaintiff Flynn'a departure from said party, he drove Defendant Pulsfort and Charlene Salva, ("Salva"), Operations Analyst, to their respective homes. Significantly, while Plaintiff Flynn brought Defendant Pulsfort and Salva home, Defendant Pulsfort subjected Plaintiff Flynn to sexually harassing comments and physical touching.

14. By way of example, Defendant Pulsfort placed her hand on Plaintiff Flynn's shoulder, removed it, and then called Plaintiff Flynn "beautiful" and told him that he was a "beautiful person." Defendant Pulsfort then told Plaintiff Flynn that she "love[s][ him]."

15. By way of further example, Defendant Pulsfort placed her hand on Plaintiff Flynn's chest, and then slid her hand across Plaintiff Flynn's chest onto his right upper arm. Defendant Pulsfort then squeezed Plaintiff Flynn's right upper arm. In rejection of Defendant Pulsfort's sexual advances and in protest of her sexually harassing behavior, Plaintiff Flynn pulled himself away from Defendant Pulsfort in an attempt to remove her arm from his shoulder. Notwithstanding Plaintiff Flynn's rejection, Defendant Pulsfort then proceeded to pull Plaintiff Flynn's head toward her, to kiss Plaintiff Flynn's cheek. In response thereto, Plaintiff Flynn again pulled himself away from Defendant Pulsfort.

16. As further sexual harassment, as Plaintiff Flynn approached Defendant Pulsfort's neighborhood, Defendant Pulsfort called out "do you want to sleepover?"

17. In retaliation for rejecting Defendant Pulsfort's sexual advances and opposing unlawful sexual harassment, Defendant Pulsfort subjected Plaintiff Flynn to retaliation which ultimately resulted in his unlawful termination.

18. By way of example, upon Plaintiff Flynn's return from vacation on or about December 19, 2022, Defendant Pulsfort canceled her regular meetings with Plaintiff Flynn for the rest of that year. Defendant Pulsfort then informed Plaintiff Flynn

via his team's messaging system that she was "unavailable." Curiously, Defendant Pulsfort continued to meet with other employees on Plaintiff Flynn's team.

19. By way of further example, on or about December 23, 2022, Defendant Pulsfort agreed to meet with Plaintiff Flynn via Zoom. During said meeting, Defendant Pulsfort unjustifiably criticized Plaintiff Flynn's work performance, called him "miserable" and abruptly terminated the Zoom meeting.

20. On or about January 18, 2023, Defendant Susquehanna unlawfully terminated Plaintiff Flynn's employment.

21. Plaintiff Flynn believes and avers that no legitimate business reason exists for the termination of his employment, and Defendant Susquehanna actually terminated him on the basis of his sex, and/or because he rejected Defendant Pulsfort's sexual advances and/or in retaliation for opposing unlawful sexual harassment.

22. Immediately after Plaintiff Flynn's termination, he registered a complainant of sexual harassment with Kristyn Gieshemier, ("Gieshemier"), Human Resources Director, and informed Gieshemier about Defendant Pulsfort's aforementioned acts of sexual harassment against him. Significantly, Gieshemier failed to properly address Plaintiff Flynn's complaint of sexual harassment before directing Defendant Susquehanna's security officers to escort Plaintiff Flynn off the premises.

# COUNT I
## (Title VII – Sex Discrimination, Hostile Work Environment, Sexual Harassment, Retaliation)
## Plaintiff Flynn v. Defendant Susquehanna

23. Plaintiff Flynn incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth at length herein.

24. The actions of Defendant Susquehanna, through its agents, servants and employees, in subjecting Plaintiff Flynn to a hostile work environment, quid pro quo sexual harassment, and in retaliating against him for opposing discrimination and harassment in the workplace, ultimately resulting in the termination of his employment, constituted violations of Title VII.

25. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Susquehanna in violation of Title VII, Plaintiff Flynn sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

26. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Susquehanna in violation of Title VII, Plaintiff Flynn suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
## (PHRA – Sex Discrimination, Hostile Work Environment, Sexual Harassment, Retaliation)
## Plaintiff Flynn v. Defendant Susquehanna

27. Plaintiff Flynn incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth at length herein.

28. The actions of Defendant Susquehanna, through its agents, servants and employees, in subjecting Plaintiff Flynn to a hostile work environment, quid pro quo sexual harassment, and in retaliating against him for opposing discrimination and harassment in the workplace, ultimately resulting in the termination of his employment, constituted violations of the PHRA.

29. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Susquehanna in violation of the PHRA, Plaintiff Flynn sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

30. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Susquehanna in violation of the PHRA, Plaintiff Flynn suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

# COUNT III
## (PHRA – Aiding and Abetting Sexual Harassment, Hostile Work Environment, Sex Discrimination, Retaliation)
## Plaintiff Flynn v. Defendant Pulsfort

31. Plaintiff Flynn incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32. At all times material hereto, the PHRA has made it unlawful for Defendant Pulsfort to "aid, abet, incite, compel, or coerce the doing of any acts forbidden under this Act."

33. Defendant Pulsfort aided, abetted, incited, compelled, and coerced unlawful and intention sexual harassment against Plaintiff Flynn, ultimately resulting in the unlawful termination of his employment with Defendant Susquehanna, in violation of the PHRA.

34. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant Pulsfort in violation of the PHRA, Plaintiff Flynn sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant Pulsfort in violation of the PHRA, Plaintiff Flynn suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
## (Assault)
## Plaintiff Flynn v. Defendant Pulsfort

36. Plaintiff Flynn incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. The actions of Defendant Pulsfort, as aforesaid, in intending to put Plaintiff Flynn in reasonable and immediate fear of a harmful or offensive contact with her body, in fact caused such fear in Plaintiff Flynn.

38. As a direct and proximate result of Defendant Pulsfort's assaults of Plaintiff Flynn, as aforesaid, Plaintiff Flynn suffered severe physical and emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
## (Battery)
## Plaintiff Flynn v. Defendant Pulsfort

39. Plaintiff Flynn incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. Defendant Pulsfort intended to cause harmful or offensive contact with the body of Plaintiff Flynn, and in fact committed harmful or offensive contact with the body of Plaintiff Flynn, as aforesaid, at all times without his consent.

41. As a direct and proximate result of Defendant Pulsfort's battery of Plaintiff Flynn, as aforesaid, Plaintiff Flynn suffered severe physical and emotional distress, embarrassment, humiliation, and loss of self-esteem.

# PRAYER FOR RELIEF

42. Plaintiff Flynn incorporates by reference paragraphs 1 through 41 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Flynn requests that this Court enter judgment in his favor and against the Defendants, and Order that:

a. Defendants compensate Plaintiff Flynn with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

b. Defendants compensate Plaintiff Flynn with an award of front pay, if appropriate;

c. Defendants pay to Plaintiff Flynn punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendants pay to Plaintiff Flynn pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

# **JURY DEMAND**

Plaintiff Flynn demands trial by jury.

                                                SIDNEY L. GOLD & ASSOC., P.C.

By:    /s/ Sidney L. Gold, Esquire
          SIDNEY L. GOLD, ESQUIRE
          I.D. NO.: 21374
          1835 Market Street, Ste. 515
          Philadelphia, PA 19103
          215.569.1999
          Attorney for Plaintiff

DATED: December 4, 2023

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 11-29-23

_____
DANIEL FLYNN, PLAINTIFF