# EXHIBIT A – CHARGE OF DISCRIMINATION

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☑ EEOC | 530-2023-05124 |

and EEOC

**Pennsylvania Human Relations Commission**
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Mr. Daniel Flynn | (484) 678-4025 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 148 Signal Road | Drexel Hill, Pennsylvania 19026 | 02/16/1992 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Susquehanna International Group, LLP | 15+ | (610) 617-2600 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 401 City Ave., #220 | Bala Cynwyd, Pennsylvania 19004 | Montgomery |

| NAME | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE
☑ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☑ OTHER (Specify) Sexual Harassment

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)

01/18/2023

☑ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

SEE STATEMENT OF PARTICULARS ATTACHED HERETO

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

[signature] Date 3/14/2023    Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (Test 10/94)

**EEOC STATEMENT OF PARTICULARS:**

**In re: Daniel Flynn v. Susquehanna International Group, LLP.**

The Complainant alleges that prior to and continuing until on or about January 18, 2023, the Respondent, through its agents, servants and employees, subjected him to a hostile work environment through various instances of severe and pervasive sexual harassment and quid pro quo sexual harassment. The Complaint further alleges that the Respondent retaliated against him for opposing unlawful sexual harassment, ultimately resulting in his termination on said date. The facts in support of these allegations are as follows:

(a) The Complainant, a thirty (30) year old male individual was employed by the Respondent from on or about June 12, 2017, until on or about January 18, 2023, the date of his unlawful termination.

(b) Upon commencing employment with the Respondent, Complainant held the position of Operations Analyst Documentation Associate. Thereafter, as a result of his stellar work performance, the Respondent promoted Complainant to the role of Trade Support Analyst, and ultimately to Lead Onboarding Associate. At all times relevant hereto, the Complainant performed his job responsibilities in a dutiful and competent manner. As evidence thereof, the Respondent awarded Complainant with numerous raises and yearly bonuses during his tenure of employment. Significantly, the Respondent often awarded Complainant with the highest available bonus because of his exemplary performance.

(c) In his role as a Lead Onboarding Associate, the Complainant reported to Sarah Pulsfort ("Pulsfort"), Manager.

(d) On or about December 7, 2022, the Complainant attended the Respondent's holiday party, during which Pulsfort became intoxicated. Notably, prior to attending the party, the Complainant agreed to drive Pulsfort home from said party at her request.

(e) Following the Complainant's departure from said party, he drove Pulsfort and Charlene Salva, ("Salva"), Operations Analyst, to their respective

homes. Significantly, while the Complainant brought Pulsfort and Salva home, Pulsfort subjected the Complainant to sexually harassing comments and physical touching.

(f) By way of example, Pulsfort placed her hand on the Complainant's shoulder, removed it, and then called the Complainant "beautiful" and told him that he was a "beautiful person." Pulsfort then told the Complainant that she "love[s][ him]."

(g) By way of further example, Pulsfort placed her hand on the Complainant's chest, and then slid her hand across the Complainant's chest onto his right upper arm. Pulsfort then squeezed the Complainant's right upper arm. In rejection of Pulsfort's sexual advances and in protest of her sexually harassing behavior, the Complainant pulled himself away from Pulsfort in an attempt to remove her arm from his shoulder. Notwithstanding the Complainant's rejection, Pulsfort then proceeded to pull the Complainant's head toward her, to kiss the Complainant's cheek. In response thereto, the Complainant again pulled himself away from Pulsfort.

(h) As further sexual harassment, as the Complainant approached Pulsfort's neighborhood, Pulsfort called out "do you want to sleepover?"

(i) In retaliation for rejecting Pulsfort's sexual advances and opposing unlawful sexual harassment, Pulsfort subjected the Complainant to retaliation which ultimately resulted in his unlawful termination.

(j) By way of example, upon the Complainant's return from vacation on or about December 19, 2022, Pulsfort canceled her regular meetings with the Complainant for the rest of that year. Pulsfort then informed the Complainant via his team's messaging system that she was "unavailable." Curiously, Pulsfort continued to meet with other employees on the Complainant's team.

(k) By way of further example, on or about December 23, 2022, Pulsfort agreed to meet with the Complainant via Zoom. During said meeting, Pulsfort unjustifiably criticized the Complainant work performance, called him "miserable" and abruptly terminated the Zoom meeting.

(l) On or about January 18, 2023, the Respondent unlawfully terminated the Complainant's employment.

(m) The Complainant believes and avers that no legitimate business reason exists for the termination of his employment, and that Respondent actually

terminated him because he rejected Pulsfort's sexual advances and/or in retaliation for opposing unlawful sexual harassment.

(n) Immediately after the Complainant's termination, he registered a complainant of sexual harassment with Kristyn Gieshemier, ("Gieshemier"), Human Resources Director, and informed Gieshemier about Pulsfort's aforementioned acts of sexual harassment against him. Significantly, Gieshemier failed to properly address the Complainant's complaint of sexual harassment before directing the Respondent's security officers to escort the Complainant off the premises.

**WHEREFORE**, the Complainant believes and therefore avers that the actions of the Respondent were discriminatory and retaliatory in nature, in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and the Pennsylvania Human Relations Act.